## SECOND DEPARTMENT, JUNE, 1919.

In the Matter of LUKE O'REILLY, an Attorney.

*Attorney and client — duties on legal advisory board — charging fee for services.*

Motion to confirm report of official referee.

PER CURIAM: The report of the official referee is confirmed and adopted. The respondent, an attorney and counselor at law of many years standing, was an associate member of the legal advisory board of the city of New York in the administration of the Selective Service Law.* During the period of his office he charged and received a fee of considerable amount for services in an attempt to secure the reclassification of a person who had been placed in the class for earliest call to military duty. The services would have justified some charge by an attorney, but the offending was charge and acceptance of a fee for work that was in the line of the respondent's official duties. The scheme of the legal advisory boards was to afford free legal aid to all who might need it, and thousands of members of the bar, at great personal loss, gave their labor day and night, without stint, and without reward save the consciousness of duty done. The respondent maintained that he did no conscious wrong, but the referee states that he " cannot but conclude that the respondent knew that he was not justified in demanding " this fee. We cannot overlook the unethical course which perverted apparent patriotism to personal profit. The referee does not propose the punishment, but advises that it be " sufficient to manifest effectively to the public and to the Bar, that the respondent has offended professional integrity, and has incurred the grave displeasure of the Court." The respondent hitherto has pursued a long and active career at the bar, not marred by any departure from the integrity required by his profession. The referee says that the respondent now exhibits contrition quite apart from the chagrin of detection and its consequences. We are impressed with respondent's commendable frankness, in that, although he sought to defend or to extenuate his conduct, he did not make any attempt to cloak or conceal the facts by evasion or prevarication. He returned the fee when this proceeding was instituted. Our unanimous decision is that the respondent must be suspended from the practice of his profession for the period of four months from the date of the entry of this order. Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ., concurred. Motion granted, and report of the official referee confirmed. Respondent suspended from the practice of his profession for a period of four months from the date of the entry of the order herein. Order to be settled before the presiding justice.

---

* See 40 U. S. Stat. at Large, 76, chap. 15, as amd.— [REP.